[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2006
THOMAS K. KAHN
CLERK

No. 05-15696
Non-Argument Calendar

_____

D. C. Docket No. 05-20304-CV-PAS

JACOB ALKOV,

Plaintiff-Appellant,

versus

CITY OF MIAMI BEACH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 24 ,2006)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Upon *de novo* review of the record in this case, we affirm the district court's

dismissal of Jacob Alkov's complaint that Defendant's rejection of certain

applications submitted under the City's Nonprofit Vending Ordinance ("the

Ordinance"), Miami Beach City Code § 86-143, violated the federal Equal

Protection Clause. The court properly found that Alkov lacks standing to bring suit under the Ordinance, which creates rights in non-profit organizations only. Alkov, a self-described vendor and independent contractor, clearly does not fit that description,[1] and he offers no reason why his should be one of those "exceptional cases where plaintiffs are permitted to raise the rights of others." Wolff v. Cash 4 Tiles, 351 F.3d 1348, 1357 (11th Cir. 2003). On appeal, Alkov attempts to escape this conclusion by arguing that the Ordinance applies to commercial vendors like himself as well as to non-profit organizations. This reading manifestly contradicts the Ordinance's unambiguous language and express intent. *See* Miami Beach City Code § 86-141 and accompanying section on "Applicability of [the] Article." Finally, we agree with the district court that Alkov still would lack standing even if the ordinance applied to commercial vendors, because the only applications whose rejection he contests were submitted on behalf of non-profit organizations.

**AFFIRMED.**

---

[1] As the district court correctly noted, "Nowhere has Plaintiff alleged that he is a nonprofit organization within the meaning of the Ordinance. Plaintiff does not assert that he has an interest in distributing books, literature, and message-bearing merchandise in furtherance of promoting his nonprofit organization or that he intended personally to make use of the denied permits."